

1  DANA N. LEVITT, CA BAR NO. 77180
2  VICTOR DE GYARFAS, CA BAR NO. 171950
   JEFFREY A. KOBULNICK, CA BAR NO. 228299
3  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3500
4  LOS ANGELES, CA 90071-2411
   TELEPHONE: 213.972.4500
5  FACSIMILE: 213.486-0065
   DLEVITT@FOLEY.COM
6  VDEGYARFAS@FOLEY.COM
7  JKOBULNICK@FOLEY.COM

8  *Attorneys for Plaintiff Windermere Holdings, LLC*

9            **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11                  **SAN JOSE DIVISION**

12

13  **WINDERMERE HOLDINGS, LLC**, a     Case No.  CV 10 - 03955 LB
    California limited liability company,

14                                        Complaint for:
            PLAINTIFF,
15                                        1) TRADEMARK INFRINGEMENT;
         v.
                                          2) FALSE DESIGNATION OF
16  **U.S. WALL DÉCOR, LLC**, a Florida      ORIGIN;
    limited liability company, **KINKADE**
17  **EVENTS, LLC**, a Florida limited     3) FEDERAL TRADEMARK
    liability company, **ALBERT R.**         DILUTION;
18  **SCARLATA**, a Florida resident, **NICK**  4) TRADEMARK DILUTION UNDER
    **R. BOMLENY**, a Florida resident and    CALIFORNIA BUSINESS &
19  DOES 1 through 10,                        PROFESSIONS CODE § 14247;

20          DEFENDANTS.                    5) VIOLATION OF CALIFORNIA
                                          BUSINESS & PROFESSIONS CODE
21                                        § 17200, *ET SEQ.*;

22                                        6) COMMON LAW TRADEMARK
                                          INFRINGEMENT
23
                                          7) CYBERSQUATTING
24
                                          8) COPYRIGHT INFRINGEMENT
25
26                                        **DEMAND FOR JURY TRIAL**
27
28

                                                         COMPLAINT

LACA_2656802.1

Plaintiff Windermere Holdings, LLC, by and for its complaint against Defendants U.S. Wall Decor, LLC, Kinkade Events, LLC, Albert R. Scarlata, and Nick R. Bomleny, alleges to the Court as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States — namely, the U.S. Copyright Act (17 U.S.C. § 101, *et seq.*) and the Lanham Act (15 U.S.C. § 1051, *et seq.*), as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and (c) as the parties are citizens of different states and the amount in controversy exceeds $75,000.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the related state law claims that are factually interdependent with the federal law claims, and that arise from the same case or controversy.

2.     Venue is proper in the Northern District of California pursuant to the provisions of 28 U.S.C. § 1391(b) and (c) because Defendants each have significant contacts with, and thus reside in this Judicial District for venue purposes, a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district, and Defendants are each corporations subject to personal jurisdiction within this District.

## INTRADISTRICT ASSIGNMENT

3.     This is an Intellectual Property Action; and therefore, pursuant to Civil L.R. 3-2(c), it may be assigned on a district-wide basis.

## THE PARTIES

4.     Plaintiff Windermere Holdings, LLC ("Plaintiff" or "Windermere") is a California limited liability company doing business in Morgan Hill, California.

5.     Windermere is informed and believes that Defendants U.S. Wall Decor, LLC and Kinkade Events, LLC are both Florida limited liability companies which share the same principal place of business located at 7703 Kingspointe Parkway, Suite 600, Orlando, Florida 32819.

2

6.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will seek to amend this complaint to allege such names and capacities as soon as they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named Defendants is in some manner responsible, liable, and/or obligated to Plaintiff in connection with the acts alleged herein.

7.      Windermere is informed and believes that Defendants Albert R. Scarlata and Nick R. Bomleny are Florida residents and the owners and managers of Defendants U.S. Wall Decor, LLC and Kinkade Events, LLC.  Defendants U.S. Wall Decor, LLC, Kinkade Events, LLC, Albert R. Scarlata, Nick R. Bomleny and DOES 1 through 10 are collectively referred to as "Defendants" herein.

8.      Windermere is further informed and believes that, at all times pertinent hereto Defendants have directed ongoing and substantial commercial activities toward the State of California and in the County of Santa Clara, including without limitation the Northern District of California.  Such ongoing and substantial commercial activities include, but are not limited to business transactions with Plaintiff in the nature of purchasing and then reselling artwork, and the use of commercial websites which are accessed by residents within this District.

## NATURE OF THE ACTION

9.      This is an action for trademark infringement, dilution, unfair competition, copyright infringement and related claims under federal and state law, based on the blatant unauthorized use of the trademarks KINKADE and THOMAS KINKADE, both well-known and well respected brands in use for many years in connection with the creation and distribution of numerous paintings and derivative works based on those paintings by artist Thomas Kinkade, and the believed unauthorized reproduction and sale of copies of those copyrighted paintings.

COMPLAINT

10. Plaintiff is the owner of all intellectual property rights at issue in this action, including but not limited to common law rights to the marks KINKADE and THOMAS KINKADE (collectively, the "Kinkade Marks"), as well as copyrights to all of the works at issue. As such, Plaintiff has standing to bring this action.

11. Defendants once had a business relationship with Plaintiff's wholly owned subsidiary and licensee The Thomas Kinkade Company LLC, through which Defendants were authorized to distribute licensed copies of various paintings created by Thomas Kinkade. As part of that license, Defendants adopted the trade name "Kinkade Events" for its business and used that term as well as "Thomas Kinkade Events" to promote the sale of those licensed copies of Mr. Kinkade's paintings. Defendants also registered the domain name KINKADEEVENTS.COM for that purpose.[1] Essentially, Defendants held themselves out to the public as authorized dealers of works originating from Plaintiff.

12. Defendants also formed a new corporate entity, Kinkade Events, LLC, a Florida limited liability company. Upon information and belief, that entity was formed in 2009.

13. On or about June 14, 2010, Plaintiff's wholly owned subsidiary and licensee The Thomas Kinkade Company, LLC provided written notice to Defendants that it was terminating the business relationship with Defendants effective immediately. A true and correct copy of that correspondence is attached hereto as Exhibit B. As expressly conveyed in that correspondence, Defendants were no longer authorized to use any intellectual property rights owned by The Thomas Kinkade Company, LLC or its successors in interest. Further, Defendants

---

[1] A true and correct copy of publicly available WHOIS data for the KINKADEEVENTS.COM domain name is attached hereto as Exhibit A.

LACA_2656802.1

COMPLAINT

were no longer allowed to hold themselves out as "being an authorized dealer or distributor of any Company product and may not use the Thomas Kinkade name or trademarks in a way that would indicate that [U.S. Wall Decor, LLC] is associated with the Company or that it is an authorized dealer or distributor (including, without limitation, business cards, or dba names (e.g. "Thomas Kinkade Events")). See Exh. B.   In addition, that notice requested immediate payment of the outstanding balance which was due from U.S. Wall Decor to Plaintiff.  *See id.*

14.   Notwithstanding the above termination, upon information and belief Defendants have continued and still continue to use the Kinkade Marks and hold themselves out to the public as being authorized, endorsed or otherwise affiliated with Plaintiff.  Defendants have also not paid the outstanding balance due.

15.   By virtue of certain assignment agreements, Plaintiff also owns the copyright to numerous paintings which have been created by Mr. Thomas Kinkade (hereinafter, collectively, the "Kinkade Works") and all exclusive rights to those works pursuant to the U.S. Copyright Act, 17 U.S.C. 101, *et seq.*  The Kinkade Works at issue in this action are all copyrightable subject matter and registered with the U.S. Copyright Office, with the exception of two works which are currently pending and which Plaintiff expects will soon be registered.  A list of the Kinkade Works relevant to this action along with copies of the registration certificates for each of those works are collectively attached hereto as part of Exhibit C.

16.   Upon information and belief, and again notwithstanding termination of the business relationship as discussed above, Defendants are selling unauthorized copies of the Kinkade Works, including but not limited to sale through the websites located at KINKADEEVENTS.COM (which in turn automatically redirects to USARTEVENTSCOM) and USWALLDECOR.COM. Further, upon information and belief, Defendants are displaying copies of Plaintiff's digital images of the Kinkade Works on both of those websites.

5

Plaintiff owns the copyrights to those digital images as well.

17. Plaintiff seeks injunctive and monetary relief from this Court to redress Defendants' wrongful infringing and dilutive use of the Kinkade Marks and authorized infringement of the Kinkade Works

## THE KINKADE MARKS AND WORKS

18. Thomas Kinkade is America's most collected living artist. Since he began publishing his works in 1984, his paintings and acclaimed painting style have achieved great recognition and success. Often referred to as the "Painter of Light" because of his unique painting style, Mr. Kinkade has painted hundreds of works, ranging from serene cottages and nature gardens to lively cityscapes and sports stadiums. Mr. Kinkade's paintings are offered for sale through Thomas Kinkade Galleries and other authorized distributors and retailers across the United States and in other countries, and directly through the website THOMASKINKADE.COM which is owned and operated by Plaintiff. Plaintiff also licenses the Kinkade Marks and copyrighted Kinkade Works to third parties who in turn create and distribute merchandise depicting the Kinkade Works (and bearing the Kinkade Marks).

19. In connection with his paintings, and through various corporate entities including Plaintiff, Mr. Kinkade and his authorized licensees have used the Kinkade Marks in connection with his paintings and related derivative works for more than 25 years. As a result of the continuous, widespread and exclusive use of the Kinkade Marks in interstate commerce, the Kinkade Marks have not only acquired distinctiveness but have become famous in the United States and other parts of the world. Indeed, the name Kinkade has become a brand synonymous with high quality paintings created by a gifted artist.

20. As a result of extensive advertising, promotion and continuous use of the Kinkade Marks, the marks have acquired an extremely valuable goodwill among purchasing consumers and within the art industry.

**DEFENDANTS' ACTIONS**

21.    Upon information and belief, Defendant U.S. Wall Decor, LLC ("USWD"), both through its own corporate name and the names "Kinkade Events" and "Thomas Kinkade Events," through its owners and managers Defendants Albert R. Scarlata and Nick R. Bomleny, are in the business of selling artwork produced by certain artists, including primarily, works of art created by Thomas Kinkade.

22.    USWD entered into a business relationship with Plaintiff's wholly owned subsidiary and licensee The Thomas Kinkade Company LLC in late 2008. Under that business relationship, USWD became an authorized dealer for Kinkade Works.  As indicated above, that business relationship was terminated on or about June 14, 2010.  Thus, while Defendants were once authorized to use the Kinkade Marks for the purpose of reselling certain Kinkade Works, any right to do so ended on June 14, 2010.  Plaintiff has not supplied any products to Defendants since that date.

23.    Subsequent to the June 14, 2010 termination date, Plaintiff became aware that Defendants were continuing to do business under the name "Kinkade Events" and were offering copies of Kinkade Works to the public under that name, including through the KINKADEEVENTS.COM website.

24.    Upon information and belief, Defendants are prominently using the Kinkade Marks at their place of business in Orlando, Florida.  In particular, (1) the THOMAS KINKADE mark in its distinctive stylized form (which is owned and used by Plaintiff) appears directly above and on the doors and windows at Defendants' place of business; and (2) Defendants use "Kinkade Events" and "Thomas Kinkade Events" on their business cards, and without the words "U.S. Wall Decor."  A current photograph of Defendants' storefront door at its principal place of business and a true and correct copy of Defendant Nick Bomleny's current business card are collectively attached hereto as Exhibit D.

COMPLAINT

25. In addition, upon information and belief, in connection with their continued sale of Kinkade Works under the Kinkade Marks, Defendants are using digital images of various Kinkade Works – the very images which are owned by Plaintiff (and for which Plaintiff also owns the copyright) and which had been previously shared with USWD when it was an authorized dealer – on Defendants' websites. Indeed, the KINKADEEVENTS.COM website homepage prominently features a rotating slideshow of various Kinkade Works. Likewise, Defendants' website accessible through the USWALLDECOR.COM website includes prominent use of Plaintiff's Kinkade Works and photos of same which also belong to Plaintiff. A list of Plaintiff's copyrighted Kinkade Works which appear on Defendants' KINKADEEVENTS.COM and USWALLDECOR.COM websites, as well as copies of the copyright registrations for those works from the U.S. Copyright Office, are collectively attached hereto as Exhibit C and incorporated by reference herein. As shown in Exhibit C, upon information and belief, approximately 70 Kinkade Works are publicly displayed on and/or being sold through Defendants' websites without Plaintiff's authorization. True and correct copies of the website content accessible through the KINKAEEVENTS.COM and USWALLDECOR.COM websites are collectively attached hereto as Exhibit E.

26. Defendants have refused to stop using Plaintiff's intellectual property. On July 27, 2010, Plaintiff sent a takedown notice under the Digital Millennium Copyright Act ("DMCA") to Bluehost.com, the host for the servers for the KINKADEEVENTS.COM domain name, alerting Bluehost.com that the website contained Plaintiff's copyrighted images in violation of Plaintiff's rights. A true and correct copy of that DMCA takedown notice is attached hereto as Exhibit F. Upon information and belief, the website was taken down in response to the DMCA takedown notice, but only temporarily, as it is currently up and running again. *See* Exh. E.

///

8

27.     Moreover, Defendants are offering "Kinkade Works" for sale through their websites which, upon information and belief, are not authorized reproductions from Plaintiff or its authorized licensees, but instead are either being manufactured by Defendants directly or by third parties without authorization from Plaintiff.

28.     Plaintiff's rights to both the Kinkade Marks and Kinkade Works is beyond dispute.  Defendants first entered into their business relationship with The Thomas Kinkade Company, LLC for the purpose of selling authorized copies of the Kinkade Works under the Kinkade Marks, both of which were already well known to Defendants.   Defendants have not, and cannot, claim ignorance of Plaintiff's intellectual property rights in either the Kinkade Marks or Kinkade Works.

29.     Likewise, Defendants have no trademark or copyright rights to either the Kinkade Marks or the Kinkade Works.

30.     Defendants' unauthorized use of the Kinkade Marks and Kinkade Works, including but not limited to use through the KINKADEEVENTS.COM website as discussed above, is with the intent to confuse consumers into believing that Defendants' products are manufactured by or are otherwise legitimately connected with Plaintiff.

## FIRST CLAIM: TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1125(a))

31.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32.     The KINKADE and THOMAS KINKADE trademarks, both in word and stylized forms, are valid and protectable trademarks under common law, which Plaintiff owns the exclusive right to use and enforce.

33.     Defendants' use of "Kinkade" and "Thomas Kinkade" as "Kinkade Events" and "Thomas Kinkade Events," as part of its corporate entity name Kinkade Events, LLC, and as part of the KINKADEEVENTS.COM domain name

COMPLAINT

in connection with its business to sell copies of the Kinkade Works is likely to cause confusion among consumers as to the source of Defendants' products in violation of 15 U.S.C. § 1125(a).

34.   Defendants' aforesaid use of the Kinkade Marks as their own marks is causing Plaintiff monetary damage and irreparable harm and resulting in Defendants' enrichment.

35.   If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM: FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

36.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

37.   The KINKADE and THOMAS KINKADE trademarks, both in word and stylized forms, are valid and protectable trademarks under common law, which Plaintiff owns the exclusive right to use and enforce.

38.   Defendants' use of "Kinkade" and "Thomas Kinkade" as "Kinkade Events" and "Thomas Kinkade Events," as part of its corporate entity name Kinkade Events, LLC, and as part of the KINKADEEVENTS.COM domain name in connection with its business to sell copies of the Kinkade Works is likely to cause confusion among consumers as to the source of Defendants' products in violation of 15 U.S.C. § 1125(a).

39.   Defendants' use of the Kinkade Marks in the manner described above gives the false impression that Defendants are authorized or otherwise affiliated with Mr. Thomas Kinkade and Plaintiff, and that future events hosted by Defendants to specifically sell copies of Kinkade Works are with Plaintiff's full knowledge and consent.

///

COMPLAINT

40.     Defendants' aforesaid use of the Kinkade Marks as their own marks is causing Plaintiff monetary damage and irreparable harm and resulting in Defendants' enrichment.

41.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury, for which Plaintiff has no adequate remedy at law.

**THIRD CLAIM: FEDERAL TRADEMARK DILUTION**

**(15 U.S.C. § 1125(c))**

42.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

43.     The Kinkade Marks are famous and distinctive under the Lanham Act, 15 U.S.C. § 1125(c).  The advertising and publicity associated with the Kinkade Marks has been of substantial duration and extent and Plaintiff's marks have attained substantial renown in the art and related industries in which all of the parties to this action participate.

44.     Defendants' unauthorized use of "Kinkade" as a mark, trade name and part of the KINKADEEVENTS.COM domain name in connection with its business is causing dilution of the distinctive quality of the KINKADE and THOMAS KINKADE marks in violation of the Lanham Act, 15 U.S.C. § 1125(c).

45.     On information and belief, Defendants willfully intended to trade upon the reputation of Plaintiff and dilute the distinctiveness of the Kinkade Marks and consciously disregarded Plaintiff's legal rights, both by (1) blurring the distinctiveness and (2) tarnishing the reputation of the KINKADE Marks.

46.     Defendants' aforesaid use of the Kinkade Marks is causing Plaintiff monetary damage and irreparable harm and resulting in Defendants' enrichment.

47.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury, for which Plaintiff has no adequate remedy at law.

LACA_2656802.1

## FOURTH CLAIM: TRADEMARK DILUTION UNDER STATE LAW

### (Cal. Bus. & Prof. Code § 14247)

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

49.     Each of the Kinkade Marks is a valid trademark at common law.

50.     Defendants' aforesaid acts of infringement, imitation, deception and misrepresentation dilute and/or create a likelihood of dilution of, the distinctive quality of the Kinkade Marks, in violation of California Business & Professions Code § 14247.

51.     Defendant's aforesaid use of the Kinkade Marks, including but not limited to their use of "Kinkade Events" and "Thomas Kinkade Events," is causing Plaintiff monetary damage and irreparable harm and resulting in Defendants' enrichment.

52.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury, for which Plaintiff has no adequate remedy at law.

## FIFTH CLAIM: UNFAIR COMPETITION IN VIOLATION OF STATE LAW

### (California Business & Professions Code § 17200 *et seq.*)

53.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

54.     Defendants' aforesaid acts constitute unfair methods of competition, unfair or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code § 17200 *et seq*.

55.     Defendants have willfully engaged in said practices for their own commercial advantage knowing full well that those practices were unfair, misleading, untrue, and/or deceptive.

12

56.     Defendants' unlawful, unfair, fraudulent, deceptive, and misleading business practices have misled, and will continue to mislead, the public.

57.     Defendant's aforesaid use of the Kinkade Marks is causing Plaintiff monetary damage and irreparable harm and resulting in Defendants' enrichment.

58.     If the aforesaid acts are permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury, for which Plaintiff has no adequate remedy at law.

## SIXTH CLAIM: COMMON LAW TRADEMARK INFRINGEMENT

59.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.     As a result of Defendants' aforesaid acts, Defendants have unlawfully infringed Plaintiff's Kinkade Marks in violation of the common law of California.

## SEVENTH CLAIM:  CYBERSQUATTING
## (15 U.S.C. § 1125(D))

61.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

62.     Defendants had and continue to have a bad faith intent to profit from the Kinkade Marks.  Defendants registered and/or acquired and are using the KINKADEEVENTS.COM domain name[2] with the intent to divert actual or potential customers searching for the Kinkade Works away from Plaintiff and Plaintiff's legitimate authorized dealers and instead to Defendants' own website for the purpose of harming the goodwill of the Kinkade Marks – both for Defendants' own commercial gain and with the intent to tarnish or disparage the Kinkade Marks – by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of the KINKADEEVENTS.COM domain name and website accessible through that domain.

---

[2] *See* footnote 1, *supra*, and Exhibit A hereto.

LACA_2656802.1

COMPLAINT

63.     Notwithstanding the termination of their business relationship as discussed above, Defendants continue to traffic in and use the domain name KINKADEEVENTS.COM, which is identical and confusingly similar to the Kinkade Marks.

64.     The continued use of the KINKADEEVENTS.COM domain name is also dilutive of the Kinkade Marks.  Upon information and belief, the Kinkade Marks were distinctive and/or famous at the time Defendants registered and/or acquired the KINKADEEVENTS.COM domain name.

65.     As a result of Defendants' cybersquatting, Plaintiff has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount yet to be determined, and subject to a treble damages award pursuant to 15 U.S.C. § 1117.  In addition, Plaintiff is informed and believes that Defendants have and will derive unlawful gains and profits as a result of their acts.  Alternatively, Plaintiff is entitled to recover statutory damages.  This is an exceptional case, and Plaintiff is entitled to recover its attorneys' fees.

66.     Plaintiff is entitled to a transfer of the KINKADEEVENTS.COM domain name, as well as any other domain names owned or controlled by Defendants which consist of or include the Kinkade Marks, to Plaintiff. Alternatively, the Court should order Defendants to forfeit each of these domain names or should order the domain name registrations be cancelled.

67.     If the aforesaid acts are permitted to continue, further loss and damage and irreparable injury will be sustained by Plaintiff, for which Plaintiff has no adequate remedy at law.

**EIGHTH CLAIM:  COPYRIGHT INFRINGEMENT**

68.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

69.     The Kinkade Works are original works of authorship constituting copyrightable subject matter under the laws of the United States.

LACA_2656802.1

70.   Plaintiff owns the exclusive rights in and to the copyrights of the Kinkade Works including but not limited to the exclusive rights to reproduce, distribute, display and create derivative works based thereon.

71.   On information and belief, without permission or authorization of Plaintiff, Defendants have distributed, and continue to distribute, numerous unauthorized copies of the Kinkade Works, including but not limited to through the KINKADEEVENTS.COM website as described herein.

72.   Defendants have willfully infringed Plaintiff's copyrights in the Kinkade Works by, *inter alia*, intentionally making or causing to be made and/or distributing copies of Plaintiff's Kinkade Works without the consent of Plaintiff.

73.   Defendants' above-described actions have been willful and malicious.

74.   Defendants' actions have caused, and continue to cause, great financial harm to Plaintiff.

75.   Plaintiff is informed and believes and thereupon alleges that Defendants intend to engage in further acts of copyright infringement unless enjoined by this Court.

76.   Defendants' unlawful conduct described above has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter.

77.   Plaintiff is therefore entitled to an order preliminarily and permanently enjoining Defendants, their agents, affiliates, employees and others acting in concert with them, from directly or indirectly infringing the Kinkade Works in any manner, including by reproducing, distributing, modifying, altering, publishing or displaying any depiction identical or substantially similar to, or derived from, the Kinkade Works.

///

///

///

15

## **PRAYER**

Wherefore, Plaintiff Windermere Holdings, LLC prays for judgment as follows:

A.    For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees and attorneys and those in active concert or participation with them from using any name or mark that consists in whole or in part of KINKADE or any name, mark or slogan confusingly similar to that mark.

B.    For an order from the Court requiring that Defendants and all those in privity with them to turn over to Plaintiff any materials in Defendants' possession bearing the Kinkade Marks, or an order that all such materials be destroyed, pursuant to 15 U.S.C. § 1118.

C.    For an order from the Court requiring that Defendants and all those in privity with them transfer to Plaintiff any domain names in their possession or control which include the Kinkade Marks, including but not limited to the KINKADEEVENTS.COM domain name.

D.    For an award of statutory damages in the amount of $100,000 pursuant to 15 U.S.C. § 1117(d), or actual damages and profits, whichever is greater.

E.    For an award of treble the amount of all damages sustained by Plaintiff as a result of Defendants' wrongful acts — including, but not limited to, an award of Defendants' profits and actual damages, pursuant to 15 U.S.C. § 1117.

F.    For an accounting of Defendants' profits from its aforesaid wrongful acts, including but limited to a statement of all profits already made as a result of Defendants' continued unauthorized use of the Kinkade Marks subsequent to June 14, 2010.

G.    For a preliminary and permanent injunction restraining Defendants, their agents, servants, employees and attorneys and those in active concert or participation with them from selling copies of the Kinkade Works which were not

16

COMPLAINT

1  legitimately purchased from Plaintiff or its wholly owned subsidiary and licensee

2  The Thomas Kinkade Company LLC prior to June 14, 2010.

3    H. For an order from the Court requiring that Defendants and all those in

4  privity with them turn over to Plaintiff any works in their possession or control

5  which are copies of the Kinkade Works,

6    I. For an order from the Court entering judgment in favor of Plaintiff

7  and against all of the Defendants, finding that each of the Defendants has willfully

8  infringed and/or contributed to the infringement of Plaintiff's copyrights in

9  violation of 17 U.S.C. § 106.

10    J. For an award of either statutory damages in the amount of $150,000

11  for each of the approximately 70 copyrighted works infringed based on

12  Defendants' willful conduct, or actual damages which Plaintiff has sustained as a

13  result of Defendants' activities in an amount not less than $10,500,000, whichever

14  is greater.

15    K. For an award of enhanced damages as allowed under California law.

16    L. For awards of Plaintiff's reasonable attorneys' fees and costs incurred

17  herein.

18    M. For an award of prejudgment interest on all amounts Defendants are

19  ordered by this Court to pay Plaintiff according to law.

20    N. For such other and further relief as the Court deems just and proper.

21

22  Dated:  September 2, 2010   **FOLEY & LARDNER LLP**
              Dana N. Levitt

23                Victor de Gyarfas
              Jeffrey A. Kobulnick

24

25           By:

26             DANA N. LEVITT

27             Attorneys for Plaintiff
          **WINDERMERE HOLDINGS, LLC**

28

17

LACA_2656802.1

**DEMAND FOR JURY TRIAL**

Plaintiff Windermere Holdings LLC hereby demands a jury trial on all issues so triable.

Dated:  September 2, 2010

FOLEY & LARDNER LLP
Dana N. Levitt
Victor de Gyarfas
Jeffrey A. Kobulnick

By: _____

DANA N. LEVITT
Attorneys for Plaintiff
**WINDERMERE HOLDINGS, LLC**

18

COMPLAINT

**Robert Murray**

| | |
|---|---|
| **From:** | Robert Murray |
| **Sent:** | Monday, June 14, 2010 10:02 AM |
| **To:** | Nick Bomleny; ron@uswalldecor.com |
| **Subject:** | US Wall Decor/Thomas Kinkade Company - Termination Notification |

Gentlemen:

This letter serves to notify you that The Thomas Kinkade Company, LLC (now known as Pacific Metro, LLC) (the "Company") has decided to no longer supply product to US Wall Décor ("USWD").  Accordingly, effective immediately, the Company will no longer accept orders from USWD and all orders in process will be cancelled.  To the extent that USWD believes that any rights have been granted to USWD for their use of the Thomas Kinkade name or its related trademarks (e.g., the Lightpost insignia) or any copyrighted material, all such rights are hereby terminated and no longer in effect.  The Company is not aware of having given any rights or permission for USWD to sublicense or grant others the right to use the Thomas Kinkade name or its related trademarks or any copyrights of the Company or Thomas Kinkade.  However, we understand that USWD may have permitted Landmark and other businesses to create product using the Company's trademarks and copyrights.  Effective immediately, USWD shall have no right to permit others to use the name Thomas Kinkade or any trademarks or copyrights of the Company or create any product using such name, trademarks or copyrights, and USWD shall immediately terminate any such activities, permissions or grants of rights.  Although the Company may not be able to prohibit USWD from continuing to sell legitimate authorized Thomas Kinkade Product that USWD has previously purchased from the Company and which it has paid for, USWD may not hold itself out as being an authorized dealer or distributor of any Company product and may not use the Thomas Kinkade name or trademarks in a way that would indicate that USWD is associated with the Company or that it is an authorized dealer or distributor (including, without limitation, business cards, or dba names (e.g. "Thomas Kinkade Events")..

The Company and USWD are parties to a Consignment Agreement relating to Home Interiors 50th Anniversary pieces.  The Company hereby requests that USWD return all unsold product to the Company in accordance with the terms of that agreement.

There is an outstanding balance that is due and owing from USWD to the Company.  That balance must be paid immediately.

The Company appreciates your past efforts in promoting Thomas Kinkade product, however the program does not currently fit in with its current business objectives.  We wish you luck in your future endeavors.

Sincerely,

Robert Murray

**Exhibit A**



# kinkadeevents.com is

**Reserved**

**Registrar**: FASTDOMAIN, INC.                    **Status**:
                                                   clientTransferProhibited

**Domain options / additional information:** *(Click below to expand)*

**+ if you own this domain...**

**+ if you are trying to register/buy this domain...**

**+ if you are researching this domain...**

[Querying whois.verisign-grs.com]
[whois.verisign-grs.com]Whois Server Version 2.0Domain names in the .com and .net domains can now be registered
with many different competing registrars. Go to http://www.internic.net
for detailed information.   Domain Name: KINKADEEVENTS.COM
   Registrar: FASTDOMAIN, INC.
   Whois Server: whois.fastdomain.com
   Referral URL: http://www.fastdomain.com
   Name Server: NS1.BLUEHOST.COM
   Name Server: NS2.BLUEHOST.COM
   Status: clientTransferProhibited
   Updated Date: 29-jan-2010
   Creation Date: 28-jan-2009
   Expiration Date: 28-jan-2011NOTICE: The expiration date displayed in this record is the date the
registrar's sponsorship of the domain name registration in the registry is
currently set to expire. This date does not necessarily reflect the expiration
date of the domain name registrant's agreement with the sponsoring
registrar.  Users may consult the sponsoring registrar's Whois database to
view the registrar's reported date of expiration for this registration.

Sponsored Link:

Is it really possible for the 'little guy' to beat out corporate giants?
Private tours of 'Mom & Pop' web sites that earn $100,000 to $1,000,000 a
year.

[Querying whois.fastdomain.com]
[whois.fastdomain.com]
The data in the BlueHost.Com WHOIS database is provided
to you by BlueHost.Com for information purposes only,
that is, to assist you in obtaining information about or related to
a domain name registration record. BlueHost.Com makes
this information available "as is," and does not guarantee its
accuracy.  By submitting a WHOIS query, you  agree that you will use
this data only for lawful purposes and that, under no circumstances
will you use this data to: (1) allow, enable, or otherwise support
the transmission of mass unsolicited, commercial advertising or
solicitations via direct mail, electronic mail, or by telephone; or
(2) enable high volume, automated, electronic processes that apply
to BlueHost.Com (or its systems). The compilation,
repackaging, dissemination or other use of this data is expressly
prohibited without the prior written consent of
BlueHost.Com. BlueHost.Com reserves the
right to modify these terms at any time.  By submitting this query,

you agree to abide by these terms.

=-=-=-=

Registrar: FastDomain Inc.
Provider Name....: BlueHost.Com
Provider Whois...: whois.bluehost.com
Provider Homepage: http://www.bluehost.com/

Domain Name: KINKADEEVENTS.COM

  Created on..............: 2009-01-28 17:11:09 GMT
  Expires on..............: 2011-01-28 17:11:07 GMT
  Last modified on........: 2010-06-17 16:23:41 GMT

Registrant Info: (FAST-14411485)
  US Wall Decor
  Nick Bomleny
  5130 Tildens Grove Blvd
  Windermere, Florida 34786
  United States
  Phone: +1.4077214556
  Fax..:
  Email: rhinonick@aol.com
  Last modified: 2010-06-17 16:23:30 GMT

Administrative Info: (FAST-14411486)
  US Wall Decor
  Nick Bomleny
  5130 Tildens Grove Blvd
  Windermere, Florida 34786
  United States
  Phone: +1.4077214556
  Fax..:
  Email: rhinonick@aol.com
  Last modified: 2010-06-17 16:23:40 GMT

Technical Info: (FAST-12785240)
  Attn: kinkadeevents.com 1,500 GB Space and 15,000 Monthly Bandwidth.
  BlueHost.Com INC
  1958 South 950 East
  ** FREE DOMAIN REGISTRATION **
  Hosting plans starting at ONLY $6.95 per month -
  Provo, Utah 84604
  United States
  Phone: +1.8017659400
  Fax..: +1.8017651992
  Email: whois@bluehost.com
  Last modified: 2010-08-16 05:38:08 GMT

Status: Locked

Domain servers in listed order:

  NS1.BLUEHOST.COM
  NS2.BLUEHOST.COM
  =-=-=-=

Now UNLIMITED Storage and UNLIMITED Bandwidth and Host UNLIMITED Domains on one account for ONLY $
You also get *FREE* DOMAIN REGISTRATION for life when you host with http://www.bluehost.com/

**21**                                                            **Exhibit B**

www. [                    ]   **Search**

Searches shared database registry and queries appropriate registrar.

**Exhibit B**