UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| WINDERMERE HOLDINGS, LLC.,<br><br>          Plaintiffs,<br>     v.<br><br>U.S. WALL DECOR, LLC., *et al.*,<br><br>          Defendants.<br>_____/ | No. C 10-03955 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW AS COUNSEL**<br><br>**[ECF No. 69]** |

Pending before the court is Defendants' counsel of record Ronald R. Richman's motion to withdraw as attorney. Motion, ECF No. 69.[1] Windermere did not contest the motion. Notice of Non-Opposition, ECF No. 75. On August 4, 2011, the court held a hearing on the motion and discussed with the parties case management dates.

Having thoroughly reviewed the motion and supporting materials, and based on representations made by Judith Whitehouse of Bullivant Houser during the hearing, the court finds that counsel has satisfied the requirements of Civil Local Rule 11-5 and that sufficient cause exists to support counsel's request to withdraw. On May 23, 2011, Mr. Richman sent Defendants an email that they owed his firm outstanding fees and that because they had not communicated with the firm since

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-03955 LB
ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW

March 2011, Mr. Richman intended to file a motion to withdraw as counsel of record. Ronald Richman Declaration, ECF No. 70 at 2-3, ¶ 7. According to Mr. Richman, Defendants have not responded to previous messages he left on their cell phones and the company telephones have been disconnected. *Id.* Other than an email response indicating receipt of Mr. Richman's May 23 correspondence, Mr. Richman has not had any contact with Defendants. *Id.* at 3, ¶ 8.

Again on June 1, 2011, Mr. Richman emailed Defendants regarding Windermere's pending motion to dismiss and the motion to withdraw. Richman Declaration, ECF No. 79 at 2, ¶ 3. He also advised them to seek new counsel. *Id.* On July 6, 2011, Mr. Richman contacted Defendants and informed them of the conversations in which his firm had engaged with Mr. Bomleny's bankruptcy trustee. *Id.* at ¶ 5. Defendants did not respond. *Id.* As a result of Defendants' failure to provide Mr. Richman with direction for opposing Windermere's motion to dismiss, Mr. Richman filed a notice of non-opposition to that motion on July 18, 2011. Notice of Non-Opposition, ECF No. 77. At the August 4, 2011 hearing, Ms. Whitehouse confirmed that Defendants had still not responded to her firm's attempts to contact them.

There is good cause to grant defense counsel's motion to withdraw because Defendants have failed to communicate with counsel about the direction of the case. Defendants have also refused to pay their counsel's outstanding fees after repeated requests and a warning that failure to do so would result in the attorney's filing a motion to withdraw. *See j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009). Moreover, Defendants have ignored counsel's repeated requests to provide Mr. Richman with direction for opposing Windermere's motion to dismiss. Furthermore, counsel provided Defendants formal written notice via e-mail of counsel's motion to withdraw and Defendants did not respond. Finally, there is no showing that defense counsel's withdrawal will cause an injustice because, at this juncture, the case is in its early stages and the court has not yet set a trial date. Also, Windermere does not oppose the motion.

Accordingly, the court **GRANTS** defense counsel's motion to withdraw. However, because Defendants have not consented to the withdrawal and neither U.S. Wall Decor nor Kinkade Events has filed substitutions of counsel, the motion is granted on the condition that Defendants' current

1  counsel shall continue to serve on Defendants all papers from the court and from Windermere or
2  Thomas Kinkade until Defendants file a substitution of counsel as provided by Civil Local Rule 11-
3  5(b).  Because corporations may not appear in federal court except by counsel, U.S. Wall Decor and
4  Kinkade Events shall file substitutions of counsel by August 25, 2011.  Messrs. Scarlata and
5  Bomleny may appear *pro se* if they so choose, but must file either a notice of their intention to
6  proceed *pro se* or a substitution of counsel by August 25, 2011.

7  The court sets a status conference for August 25, 2011.  Defendants are warned that if they fail to
8  timely file substitutions of counsel or otherwise appear, they may face Windermere's motion for
9  default judgment.  Also pending is the motion to dismiss Defendants' counterclaims and
10 crossclaims.  ECF No. 61.  Finally, Defendants risk dismissal of their remaining counterclaims and
11 crossclaims for failure to prosecute.

12 The court sets the motion to dismiss for a hearing on September 15, 2011 at 11:00 a.m.

13 The court also notes that Windermere has filed three amended complaints in this case.  Rule
14 15(a) permits parties to amend their pleadings once as a matter of course within 21 days after
15 serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service
16 of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever
17 is earlier."  Fed. R. Civ. P. 15(a)(1).  In all other instances, a party may amend its pleading only with
18 the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Windermere did
19 not seek leave of this court to file its second and third amended complaints, and the record does not
20 contain a stipulation indicating Defendants' written consent to the amended complaints.  Defendants
21 did answer the third amended complaint.  To the extent that the record should be supplemented to
22 reflect the parties' stipulation, the court directs Windermere to augment the record by August 18,
23 2011 because the operative pleading will determine the extent of relief the court must consider in the
24 default judgment context.  *See* Fed. R. Civ. P. 54(c); *Cripps v. Life Ins. Co. of N. America*, 980 F.2d
25 1261, 1267 (9th Cir. 1992) (relief limited to that requested in complaint)

26 Given the procedural stance of the case, the court **HEREBY CONTINUES** the current ADR
27 deadline from September 28, 2011 to November 18, 2011.

28 ///

C 10-03955 LB
ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW
3

1    This disposes of ECF No. 69.

2    **IT IS SO ORDERED.**

3    Dated: August 4, 2011

_____
LAUREL BEELER
United States Magistrate Judge