UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| WINDERMERE HOLDINGS, LLC., | No. C 10-03955 LB |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND ORDER FOLLOWING SEPTEMBER 1, 2011 HEARING** |
| v. | |
| U.S. WALL DECOR, LLC., *et al.*, | |
| Defendants. | **[ECF No. 84]** |

## I. INTRODUCTION

Following the hearing on August 4, 2011, the court permitted Defendants' counsel to withdraw and set a status conference for August 25, 2011 for the appearance of substitute counsel and/or Defendants. The court also directed Plaintiff to supplement the record regarding Defendants' written consent to the third amended complaint, observing that Defendants already answered the complaint. 8/4/11 Order, ECF No. 83.[1]

At the August 25, 2011, Plaintiff appeared by phone. Defendants did not appear. *See* 8/25/11 Order, ECF No. 86. The court continued the hearing one week to September 1, 2011, directed service on Defendants (through prior counsel, *see id.* at 2 and 8/4/11 Order, ECF No. 83 at 2-3), directed Defendants' attention to the court's August 4, 2011 order setting forth requirements to file a

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

notice of substitute counsel or appear pro se, and warned Defendants about the consequences of failing to appear, including the possibility of default judgment and dismissal of their counter and cross claims. 8/25/11 Order, ECF No. 86 at 1.

On September 1, 2011, Plaintiff's counsel and Defendant and cross-claimant Nick Bomleny appeared by telephone. Mr. Bomleny said that he would represent himself and provided his contact information, which is set forth in a separate order reflecting his appearance. Defendant and cross-claimant Albert R. Scarlata did not appear. The court set a further case management conference for September 13, 2011, addressed an outstanding issue about the operative pleadings, and set further case management deadlines as follows.

## II. OPERATIVE PLEADINGS

Upon considering Plaintiff's motion for leave to amend filed on August 18, 2011, the court agrees that the proceedings demonstrate the parties' agreement that the operative complaint is the third amended complaint and that Defendants consented to its filing. *See Perkins v. City of Jacksonville Beach*, No. 3:06-cv-486-J-33MCR, 2007 WL 1796269, at *1 n.2 (M.D. Fla. Jun. 21, 2007) (finding consent to an amended complaint where the defendants responded on the merits and did not object) (citing *Mooney v. City of New York*, 219 F.3d 123, 127 n.2 (2d Cir. 2000) (holding that the plaintiff's response on the merits to an affirmative defense asserted in an amended answer constituted consent to its filing). Defendants filed an answer to the third amended complaint and did not object to the amendment. Given this clarification, the court denies as moot Plaintiff's motion for leave to amend and vacates the hearing currently set for October 6, 2011. *See* Motion, ECF No. 84.

## III. CASE DEADLINES

The remaining legal issue is the pending motion to dismiss Defendants' counterclaims and cross-claims, now calendared for September 15, 2011. (The court vacates that date given the new case management date of September 13, 2011.) Other issues include the need for Mr. Scarlata to enter an appearance in the case and the parties' completion of this court's alternative dispute resolution (ADR) process. (The court previously extended the ADR deadline to November 18, 2011. *See* ECF No. 83.) The court directed the parties to meet and confer on all three issues and file an updated joint case management conference statement by September 9, 2011. They also should discuss

whether the parties have any disagreement on the operative pleadings. Mr. Bomleny said that he would contact Mr. Scarlata to include him in that process. The court set a further status conference for September 13, 2011, at 10:30 a.m. The parties may appear by telephone. Mr. Scarlata should provide his telephone number to courtroom deputy Lashanda Scott by calling her at 510-637-3525.

Given the procedural posture of the case, the court tables for now the issue about how the case will proceed with defendants and cross-claimants Kinkade Events and U.S. Wall Decor. As corporations, they may appear in federal court only through counsel. Civ. L.R. 3-9(b); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972).

The court also granted Mr. Bomleny's request to use the court's electronic case (ECF) system, which will allow him to receive notice of filings by email and access all documents in the case electronically. He should register for electronic filing by completing the form at https://ecf.cand.uscourts.gov/cand/index.html. Any questions about registration should be directed to ECF Support Personnel.

The court's handbook for litigants appearing in federal court without a lawyer is located at **http://cand.uscourts.gov/prosehandbk**.

## IV. CONCLUSION

The operative pleadings are the third amended complaint at ECF No. 53, the answer, counter claims and cross claims at ECF No. 56, and the answer to the counter and cross claims at ECF No. 60. The court denies as moot Plaintiff's motion to amend and vacates the October 6, 2011 hearing. This disposes of ECF No. 84.

The court vacates the currently-set hearing date of September 15, 2011 on Plaintiff's motion to dismiss and sets a case management conference for September 13, 2011 at 10:30 a.m. The parties may appear by telephone and must file an updated case management conference statement by September 9, 2011 to address the issues set forth above.

Plaintiff's counsel shall serve this order promptly on prior defense counsel Ronald L. Richman (given the ECF notification issues previously identified) so that he may continue to serve Mr.

Scarlata. He is relieved of his obligation to serve Mr. Bomleny.

Mr. Scarlata is once again cautioned that failure to comply with the requirements of this order and the court's August 4, 2011 order at ECF No. 83 may subject him to entry of default judgment on Plaintiff's claims and dismissal of his counter and cross claims.

**IT IS SO ORDERED.**

Dated: September 1, 2011

_____
LAUREL BEELER
United States Magistrate Judge